THE FEDERAL COURT OF THE SOUTHERN DISTRICT OF FLORIDA

Fourth District Court of Appeals 4DCA.19-3472

**RODRIGUEZ, SUZETTE G.**
*Appellant*
v.
**Vesta Property Services, Inc.**
*Appellee*

FILED BY ____ MGG ____ D.C.
JAN 16 2020
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. – W.P.B.

**Hostile Work Environment, Criminal Forgery and Involuntary Seperation under USC 29 § 623**

On October 4th, 2019, a case filed 50-2019-CA-009943-XXXX-MB as pro se in the 15th circuit (LT) was dismissed **WITH** prejudice. The fourth district court of appeals accepts the case on Novemeber 12th 2019 as summary judgment. On Decemeber 17th 2019 the fourth court of appeals dismisses the case through the obstruction of orders as defined in s.120.52 (2). The fourth breaches judicial administration by applying appellate procedures superior in computing time per curiam:

> ...*the date of rendition, on or before November 5, 2019.*
> *Fla. R. App. P. 9.110(b); Fla. R. Jud. Admin. 2.514(a)(1)(explaining that counting begins from the next day that is not a Saturday, Sunday, or legal holiday; every day is counted; and the last day of the period is a day that is not a Saturday, Sunday, or legal holiday).*

Age Discrimination within Employment (ADEA) in rem is appropriate of an action generally by the employer against appellant during the tenure of employment. The Fourth Districts actions simulate the blocks of all orders and requests of the LT in so both trier of facts deny admission. A cause of action is now brought before the federal courts.

## STATEMENT OF FACTS

1. Disparate treatment by the employer who granted hours in preference to part-time, underage staff of a lesser classification began as early as the onset of employment, April 2019.

2. I was a hired as the full time[1] Head-Lifeguard among the minor staff in April of 2019.

3. The employer allowed minor staff to assign my lunch breaks and issue orders to me in hostile manners up until he generally silenced me as a way of training me as to how I should keep my job, quid-pro-quo. The retaliation as to my questioning of missing work schedule was ongoing.

4. The company commits forgery, criminal under s. 831.01, Forgery. 1 of 3 personnel action forms entered as exhibits for the record forged my initials where the employee is required to sign [D6]. This act becomes known upon electronic receipt of request for the production of allegations upon the involuntary termination.

---

[1] The employee relationship is agreed by electronic signature upon acceptance and under the Internal Revenue Service (IRS) **Definition of Full-Time Employee.**

5. The act of forgery was clearly stated within the complaint, the exhibit was entered on August 3, 2019 and the act was also stated in oral argument[2] during the hearing for dismissal at the lower state court.

6. The criminal component of forgery by the employer shows probable cause for an arrest Fla. R. Crim. P. 3.133 STANDARD OF PROOF(3).. *In determining probable cause to detain the defendant, the judge shall apply the standard for issuance of an arrest warrant, and the finding may be based on sworn complaint, affidavit, deposition under oath, or, if necessary, on testimony under oath properly recorded.*

7. A motion to strike entered warned the attorneys and the court that the informal communication and intimidation of status quo as to the boasting of being in possession of the Justice's calendar violates the issuance as to formal pleadings [D14].

8. While awaiting a set schedule of atleast 30 hours a week, abuse by staff due to criminal incitement by the supervisor whereas they lacked the capacity by age continued. Upon requesting an investigation of a customer/resident complaint that takes place on facility cameras that would have me reprimanded, I was terminated.

9. A resident was alerted by me that drinking from a can inside of the swimming pool is not allowed.

10. Drinking inside swimming pools is not allowed FAC. Ch. 64E9 public bathing places.

---

[2] The hearing never follows a required civil response. The defense begins to informally contact me via personal email to make me aware that they are also representing the employer (several attorneys made appearances here within the process of acceptance by the LT and improper rules were applied throughout). An offer for settlement was made by me to the latest attorney, Marguiles, Richard N. within the informal stream yet not accepted. The firm proceeds to contact me through my personal email to let me know that they will be handling the Justice's calendar and that their next move is a motion for hearing to dismiss.

11. The resident complained after he was reminded that there was "no drinking in the pool".

12. The resident spoke with the supervisor about the infraction of drinking in the pool; he reported himself to a next higher level for drinking inside of the swimming pool.

13. The criminal component of forgery by the employer provides probable cause that move the case into criminal jurisdiction RULE 3.133 STANDARD OF PROOF(3).. *In determining probable cause to detain the defendant, the judge shall apply the standard for issuance of an arrest warrant, and the finding may be based on sworn complaint, affidavit, deposition under oath, or, if necessary, on testimony under oath properly recorded.*

14. The motion to strike entered [D14] warned the attorneys that the informal communication and intimidation of status quo as to the boasting of being in possession of the Justice's calendar hearings is a breach of issuance as to formal pleadings.

---

Damages for Relief: Emotional, Injury, Compensatory and Liquid upon discovery.

**Punitive:** The employer engaged the ecitement of underage staff members in order to undermine the leadership role of Head-Lifeguard, title and position obtained by myself, pro se claimant. The employer reinforced minor staff to silence my judgement and authority as to provide subordinate staff with direction thru encourgement of hostility of adolescent staff who lacked capacity. Thru the misdirection of minor age staff, all 4 underage subordinate staffs members participate in a "mobbing within the workplace" through continuous hostile behavior against pro se claimant. The employer performs signature forgery with intent to portray aggreance from pro se claimant as to false written allegations by

the employer and injuring future employment opportunity as to the pleasure of general records retention management, GS1.

**Compensatory:** The employer commits retaliation after logical probing of a set schedule of atleast 30 hours weekly and a request for an investigation of a rogue customer complaint by termination as a response. The employer Vesta Property Services Inc., not ever provides a set schedule for full-time employment as agreed upon boarding.

## Summary

Through the intentional targeting of pro-se claimant up and involuntary seperation, the employer is at fault for non-compliance with federal and state laws that include employment discrimination.

X _[signature: Suzette Rodriguez]_

**CERTIFICATE OF SERVICE**

I, <u>SUZETTE GRACE RODRIGUEZ</u>, *PRO SE CLAIMANT,*
AFFIRM SERVICE OF PROCESS
TO ALL PARTIES OF INTEREST.